IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| SOUTHEAST POWER GROUP, INC., | : | |
| AKA SOUTHEAST DEISEL CORP., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 2:20-cv-00398-JMG |
| | : | |
| SAP AMERICA, INC. | : | |
| Defendant. | : | |

_____

**MEMORANDUM OPINION**

Currently before this Court are four motions: SAP's motion to dismiss for failure to state a claim (ECF No. 6); Southeast's motion to stay pending appeal (ECF No. 10); Southeast's motion to stay discovery pending appeal (ECF No. 23); and Vision 33's motion to quash or stay SAP's subpoena *duces tecum* (ECF No. 32). For the reasons explained below, the Court will **GRANT** the motions to stay and **DENY without prejudice** the motion to dismiss and motion to quash or stay subpoena *duces tecum*.

**I.    BACKGROUND**

On November 21, 2018, Southeast Power Group, Inc. AKA Southeast Diesel Corp. ("Southeast") filed a complaint against SAP America, Inc. ("SAP") and Vision 33 in the Florida Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case Number 2018-03211-CA-01 ("the Initial Florida Action"). *See* SAP Mot. to Dismiss Ex. A, ECF No. 6. In the Initial Florida Action, Southeast alleged a breach of contract claim against Vision 33, a breach of contract (express warranty) claim against SAP, and negligence claim against SAP concerning SAP's "Business One Enterprise Resource Planning" software product and installation of that product by Vision 33. *See id.*

On December 21, 2018, SAP removed the case to the United States District Court for the Southern District of Miami/Dad Division based on diversity of citizenship and the alleged amount in controversy exceeding $75,000.00 ("the Removed Florida Action"). *See id.* at 3; Pl.'s Mot. to Stay Discovery at 2, ECF No. 23. This removed case, number 18-26395-CV-MGC came before District Court Judge Marcia G. Cooke. *See* SAP Mot. to Dismiss Ex. B, ECF No. 6.

In January 2019, both SAP and Vision 33 filed motions to dismiss. Pl.'s Mot. to Stay at 2, ECF No. 10. On June 19, 2019, the Florida District Court entered an order to show cause directing Southeast and Vision 33 to file a joint memorandum as to why the court should not dismiss the action because of the express terms of the forum selection clause of the agreement between Southeast and Vision 33 attached to the complaint, which identified California as the state with exclusive jurisdiction over any disputes brought under the contract. *See id.* at 2-3. The parties filed the joint memorandum on June 26, 2019. *See id.* at 3. Then Vision 33 filed a motion to dismiss for *forum non conveniens* on the same day. *See id.* At Southeast's request, oral argument was scheduled for August 28, 2019. *See id.* Afterward, Judge Cooke granted Vision's motion to dismiss for *forum non conveniens*, finding that the California forum selection clause in the contract between Southeast and Vision 33 was enforceable and that it also applied to SAP. *See id.* Ex. A.

The Removed Florida Action is currently on appeal. *See* Pl.'s Mot. to Stay Discovery at 3, ECF No. 23. Southeast filed its appeal to the Court of Appeals for the Eleventh Circuit, case number 19-13674-J ("the Florida Appeal"). *See id.* Southeast filed its initial brief on December 20, 2019, SAP and Vision 33 filed their answer briefs on March 2, 2020, and Southeast was to file its reply brief by May 1, 2020. *See id.*

**II.     PROCEDURAL HISTORY IN PENNSYLVANIA**

On December 30, 2019, Southeast filed a complaint against SAP in the Court of Common Pleas, Philadelphia County. SAP's Mot. to Dismiss Ex. C. Southeast asserted a negligence claim and a negligent misrepresentation claim against SAP concerning installation of SAP's "Business

2

One Enterprise Resource Planning" software product by third party Vision 33. *See id.* at 7-9. On January 22, 2020, SAP removed the instant case to this court. *See* ECF No. 1.

Judge Timothy J. Savage held a pretrial conference with Southeast and SAP pursuant to Federal Rule 16 on February 12, 2020. *See* ECF No. 3. The case was reassigned to this Court by order dated February 26, 2020. *See* ECF No. 22.

SAP's motion to dismiss for failure to state a claim (ECF No. 6), Southeast's motion to stay pending appeal (ECF No. 10), Southeast's motion to stay discovery pending appeal (ECF No. 23), and Vision 33's motion to quash or stay SAP's subpoena *duces tecum* (ECF No. 32) are now pending.

### III.  LEGAL STANDARDS

#### A.  First-Filed Rule

"The first-filed rule . . . gives courts 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (citation omitted). *See also Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941) ("In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it.") (citation omitted). The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *E.E.O.C.*, 850 F.2d at 971.

When applying the first-filed rule, a district court "faces the discretionary choice whether to stay the second-filed action, transfer it, dismiss it *without* prejudice, or dismiss it *with* prejudice, thereby permanently terminating the case." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 216 (3d Cir. 2016). The Third Circuit determined in *Chavez* that a dismissal with prejudice will "almost always" be an abuse of discretion, and a dismissal without prejudice "may create unanticipated problems," so "in the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a first-filed suit." *Id.* at 220-21.

Courts in this district differ as to the degree of similarity required between the first- and second-filed actions. *See Allegheny Cty. Employees' Retirement Sys. v. Energy Transfer LP*, Civil Action No. 20-200, 2020 WL 1888950, at *3 (E.D. Pa. Apr. 16, 2020) (explaining mirror-image and broader application/flexible approach distinctions); *see also Palagano v. NVIDIA Corp.*, Civil Action No. 15-1248, 2015 WL 5025469, at *2 (E.D. Pa. Aug. 25, 2015) (collecting cases). Most courts agree, however, that "the first-filed rule easily encompasses cases involving the same parties and the same transaction." *Allegheny Cty.*, 2020 WL 1888950, at *3.

The "substantive touchstone of the first-to-file inquiry is subject matter." *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008). The rule requires courts to "'fashion a flexible response to the issue of concurrent jurisdiction.'" *Chavez*, 836 F.3d at 216 (quoting *E.E.O.C.*, 850 F.2d at 977). This more flexible approach has allowed courts in the Third Circuit to apply the rule not only to cases where the parties and issues perfectly align and the claims in the later-filed suit are a mirror image of the first, but also to those which are "substantially similar." *See Panitch v. Quaker Oats Co.*, Civ. No. 16-4586, 2017 WL 1333285, at *2 (citing *Palagano*, 2015 WL 5025469, at *2); *accord Allegheny Cty.*, 2020 WL 1888950, at *3. Nonetheless, courts interpreting the rule more narrowly only apply the first-filed rule "where earlier- and later-filed actions involved the same parties and arose out of the same transaction, agreement, or encounter." *Landau v. Viridian Energy PA*, 274 F. Supp. 3d 329, 333 (E.D. Pa. 2017) (citing *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474 (3d Cir. 1942) (finding first-filed rule applied where declaratory judgment suit by alleged infringer against patent holder in one district came after first-filed patent infringement suit in another district)).

Exceptional circumstances that may prevent the court from applying the first-filed rule and instead retain jurisdiction include "inequitable conduct, bad faith, or forum shopping." *E.E.O.C.*, 850 F.2d at 976. These circumstances are "rare and extraordinary." *Id.* The burden to show an

4

exception applies falls to the party opposing application of the rule. *D & L Distrib., LLC v. Agxplore Intern., LLC*, 959 F. Supp. 2d 757, 766 (E.D. Pa. 2013).

### B. Motion to Stay

A stay is an "extraordinary measure" demanding "compelling reasons for its issuance." *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). The power to stay is "incidental to the power inherent in every court to dispose of cases so as to promote fair and efficient adjudication." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Supreme Court has set forth the relevant factors a district court should consider when there are concurrent jurisdictional issues. Although no one factor is determinative, these factors include: (1) inconvenience of the federal forum; (2) desirability of avoiding piecemeal litigation; and (3) order in which jurisdiction was obtained by the concurrent forums. *Colorado River Water Conservation Dist.*, 424 U.S. 800, 817 (1976) (citations omitted).

## IV. MOTION TO STAY PROCEEDINGS PENDING OUTCOME OF THE FLORIDA APPEAL

### A. First-Filed Rule

The parties do not dispute that this action was filed second and that the issues in controversy are identical for the purposes of this motion. SAP opposes the first motion to stay because it argues that the case does not meet the requisite factors in *Nigro v. Blumberg* and argues that issues of comity do not exist when one case is on appeal. *See Nigro v. Blumberg*, 373 F. Supp. 1206, 1212-13 (E.D. Pa. 1974); SAP's Opp'n to Mot. to Stay at 3-5, ECF No. 17.

Both Southeast and SAP point to the factors outlined in *Nigro v. Blumberg* as the standard for deciding whether to stay a case where there are parallel proceedings in different forums. *See Nigro*, 373 F. Supp. at 1212-13; Pl.'s Mot. to Stay at 2, ECF No. 10; SAP's Opp'n to Mot. to Stay at 2, ECF No. 18. Although it is instructive, the court in *Nigro* considered staying a federal case pending the outcome of a state court parallel proceeding rather than applying the first-filed rule

for concurrent federal court proceedings, and this Court is not bound by the factors enumerated in that case.

There is a recognized difference between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction. *See Colorado River*, 424 U.S. at 817. Courts considering issues of concurrent federal jurisdiction should apply "principles *unrelated* to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions" while seeking generally to avoid duplicative litigation. *Id.* at 817-18 (emphasis added).

The Court is also not convinced by SAP's argument that it should deny the stay because a pending appeal relieves considerations of comity. SAP argues that there is no action pending in the federal district court in Florida so this Court need not consider comity when deciding on the issue of a stay. *See* SAP's Opp'n to Mot. to Stay at 3, ECF No. 18. SAP has not provided any law to substantiate this position.

A stay can further judicial efficiency if an appeal in a previously-filed action is pending. *See CollegeSource, Inc. v. AcademyOne, Inc.*, Civil Action No. 10-3542, 2012 WL 5269213, at *4 (E.D. Pa. Oct. 31, 2011) (finding plaintiff created duplicative litigation and although "judicial economy would have best been served had [plaintiff] moved to stay this action pending the Ninth Circuit's decision," the plaintiff sought to pursue the second filed action regardless of the outcome of the first-filed action's appeal) (citing *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 120 (8th Cir. 1985)). The doctrine of comity "'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)).

The question of whether to stay a second-filed action when another, first-filed case is on appeal is precisely the type of situation contemplated by the first-filed rule. "It is of obvious

importance to all litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals." *Crosley*, 122 F.2d at 930. While an appeal is pending, this Court must consider issues of comity as it is possible that the result will be overturned. The immediate result of that outcome would be that the court in which this matter was first filed would have before it the same parties and issues at the same stage of litigation as this Court of equal jurisdiction. Moreover, Southeast represented to Judge Timothy J. Savage of this Court during the Rule 16 conference that there was a strong likelihood of reversal as to Southeast because the California choice of law clause does not apply to Vision 33. This weighs in favor of applying the first-filed rule and implementing a stay.

### B. No exceptions to the first-filed rule apply in this case.

SAP also argues that this Court should deny a stay because the jurisdictional conflict was of Southeast's own making. SAP's Opp'n to Mot. to Stay at 2, ECF No. 18. Forum shopping does not apply where the defendant in one action has not initiated any of the filings. *See Catanese v. Unilever*, 774 F. Supp. 2d 684, 689 (D.N.J. 2011) (finding that to establish forum-shopping, typically a plaintiff must establish that the defendant in the second action filed the first action to avoid the second forum.") (citing *E.E.O.C.*, 850 F.2d at 972 and, *generally*, *FMC Corp. v. AMVAC Chem. Co.*, 379 F. Supp. 2d 733 (E.D. Pa. 2005)).

SAP argues further that Southeast's filing of the instant action to preserve its rights before the passing of the statute of limitations and request to stay this action pending the outcome of the Florida appeal is "not a proper use of the court system" and this Court should therefore require Southeast to proceed in this forum where it willfully commenced litigation. *Id.* at 2-3. In *Orthmann*, the dispositive issue in determining not to follow the first-filed rule was that federal comity was better served by dismissing the first-filed case because the second-filed action was further advanced based on which appeals court entered its decision first. *Orthmann*, 765 F. 3d at 120-21. The court did not raise equity concerns over the fact that the plaintiff filed a second federal

7

suit in Wisconsin in order to preserve his claims under the statute of limitations in case the district court in Minnesota determined that it lacked personal jurisdiction over the defendants in his first-filed action. *Id.* This Court does not infer bad faith in Southeast's filing here either.

Finally, the first-filed rule may still apply despite an additional claim against SAP and the fact that Southeast is proceeding only against SAP and not also against Vision 33. *See The Phoenix Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 381 F. Supp. 3d 416, 421-22 (E.D. Pa. 2019) (applying first-filed rule where "the claims in both actions are nearly identical" and plaintiffs in both cases "rely upon nearly identical theories of liability" rather than sharing absolute identity of parties); *Monzo v. Bazos*, 313 F. Supp. 3d 626, 634 (E.D. Pa. 2017) (finding first-filed rule applies despite differently-named parties and additional claims when parties were actually the same and additional claim did not alter subject matter analysis under the rule); *Catanese*, 774 F. Supp. 2d at 689 (finding differences in causes of action and remedies sought to be insufficiently material to prevent applying first-filed rule because the "factual allegations underlying these claims are exactly the same" and "overlapping subject matter is key"); *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, Civil Action No. 09-2552, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009) ("the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier filed one"); *Consol. Rail Corp. v. Grand Trunk W.R. Co.*, 592 F. Supp. 562, 569 (E.D. Pa. 1984) (finding although the complaints seemed to raise different issues, "when one pierces the pleadings and views the complaints in light of the surrounding circumstances, it is clear that both cases present the same issues for resolution."). Different state law also does not preclude application of the first-filed rule. *See Worthington v. Bayer Health Care, LLC*, No. 11-3017, 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012) ("Finding an insubstantial overlap because of the fact that the claims are asserted under different state laws would defeat the judicial efficiency rationale undergirding the first-filed rule.").

Here, the issues and parties are identical to those in the action first initiated in the Florida Removed Action for the purposes of this motion. Although the claims here are brought under Pennsylvania law and in the Florida Action were brought under Florida law, the issue still concerns installation of SAP's "Business One Enterprise Resource Planning" software product by Vision 33. Southeast merely replaced a claim for breach of contract (express warranty) with a claim for negligent representation. The facts underlying the cases are the same, and both present the same issues for resolution. SAP has not proven that any exceptions to the first-filed rule apply here. As such, the Court finds that the first-filed rule applies.

### C.  A stay is appropriate under the circumstances.

Next the Court must determine whether to stay this case. Southeast argues in favor of a stay "in the interest of justice and judicial efficiency." Pl.'s Mot. to Stay at 5, ECF No. 10. Southeast argues that the case has not progressed past the stage where it was when it was dismissed in Florida and a stay will "preserve the status quo" until the appeal resolves the issue of which forum will decide the instant litigation. *Id.* Southeast also argues that the early stage of this litigation will allow for a stay without prejudice to SAP. *Id.* Southeast argues in its second motion that the parties will conserve significant resources if the case is stayed. Pl.'s Mot. to Stay Discovery at 6, ECF No. 23. Southeast notes that it had previously responded to the request for production of documents in the Removed Florida Action, although the case was dismissed before it produced the requested documents, and the document requests in Pennsylvania are identical. *Id.*

Southeast has represented that it will dismiss the instant case promptly if the Eleventh Circuit decides in its favor on appeal. *Id.* at 8. SAP admits that the Florida and Pennsylvania document production requests are identical but argues that Southeast's failure to produce the documents in either forum mandates a denial of the stay. *See* SAP's Opp'n to Mot. to Stay Discovery at 2, ECF No. 28. SAP argues that the early stage of this litigation weighs against a stay. *Id.* at 3-4.

9

SAP's claim that the nascency of the action supports denying a stay is contrary to the intent of the rule, and actually weighs in favor of a stay here. Although a case need not be in its infancy to merit a stay, the stage of litigation "weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014). As outlined in the legal standard above, the lesser inconvenience to this Court of staying an action in its infancy is outweighed by the Court's role in avoiding duplicative or piecemeal litigation. *See Colorado River*, 424 U.S. at 817.

Thus, the Court finds that in the interest of judicial economy and comity between courts of equal jurisdiction, it is proper to **GRANT** Southeast's requests for a stay. Because the Court has decided this issue in favor of a stay, it need not reach the merits of SAP's motion to dismiss or Vision 33's motion to quash subpoena *duces tecum* at this time, and they will be **DENIED without prejudice**. An appropriate order follows.


DATED:                                               BY THE COURT:


August 18, 2020                                      */s/ John M. Gallagher*
                                                     JOHN M. GALLAGHER
                                                     United States District Court Judge